IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**NATIONAL PUBLIC RADIO, INC.**

  1111 N. Capitol St. NE
  Washington, DC 20002

**and**

**GRAHAM SMITH,**

  c/o National Public Radio, Inc.
  1111 N. Capitol St. NE
  Washington, DC 20002

        **Plaintiffs,**

        v.

**U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES**

  200 Independence Avenue, SW
  Washington, DC 20201

        **Defendant.**

Case No. 1:20-cv-3259

## COMPLAINT

Plaintiffs National Public Radio, Inc. and Graham Smith (together, "NPR"), by their undersigned attorneys, allege as follows:

### INTRODUCTION

1. At the very beginning of the COVID-19 pandemic in the United States, the federal Centers for Disease Control and Prevention ("CDC") distributed defective diagnostic test kits to laboratories across the country. This failure slowed testing for the virus during the key early weeks of the outbreak in the United States, hindering containment efforts and leading to an unknown number of otherwise preventable deaths.

2. By this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552, NPR seeks to compel CDC's parent agency, the United States Department of Health and Human Services ("HHS"), to release the public records that will shed light on the government's investigation into these early missteps.

3. On June 10, 2020, NPR requested records under FOIA from the CDC regarding its investigation of the circumstances surrounding the development and distribution of the defective test kits. These records will help the public better understand what went wrong, why it happened, and who was responsible.

4. After NPR agreed to narrow its request, the CDC stated that it had located hundreds of responsive pages and dozens of relevant data sets, but withheld all of them under FOIA exemptions that do not apply to these public records. On October 19, 2020, HHS then denied NPR's administrative appeal of that decision. As a matter of law, HHS should be required to fulfill its statutory obligations and release the requested records immediately.

**PARTIES**

5. Plaintiff National Public Radio, Inc. is a non-profit multimedia organization organized under the laws of the District of Columbia with its principal place of business in Washington, D.C. It is the leading provider of non-commercial news, information and entertainment programming to the American public. NPR's fact-based, independent journalism helps the public stay on top of breaking news, follow the most critical stories of the day, and track complex issues over the long term. NPR reaches approximately 60 million people on broadcast radio, podcasts, NPR apps, NPR.org and YouTube video content every week. NPR distributes its radio broadcasts through more than 1,000 non-commercial, independently operated radio stations, licensed to more than 260 NPR members and numerous other NPR-affiliated entities.

6. Plaintiff Graham Smith is an investigative producer for NPR based in Washington,

D.C.  Among other topics, Mr. Smith covers the federal government's response to the COVID-19 pandemic.

7. Defendant HHS and its component, CDC, are agencies of the federal government. They have possession, custody and/or control of the records that NPR seeks.  HHS is located at 200 Independence Avenue SW, Washington, D.C. 20201.

## JURISDICTION AND VENUE

8. This action arises under FOIA.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

9. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

10. The Freedom of Information Act, "[b]y empowering individuals to obtain copies of agency records just by the asking . . . protects the basic right of the public 'to be informed about what their government is up to.'"  *Hall & Assocs. v. EPA*, 956 F.3d 621, 624 (D.C. Cir. 2020) (citation omitted).  "[D]isclosure, not secrecy, is the dominant objective" of FOIA.  *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (citation omitted).

11. NPR plays a critical role in providing information to citizens about "what their government is up to."  Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people."  *New York Times Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J., concurring).

12.     Through this FOIA request (and through this litigation), NPR seeks to fulfill its journalistic function and to illuminate the operations of the federal government's public health agencies in the crucial early weeks of the COVID-19 crisis in the United States.

## THE REQUEST

13.     On June 10, 2020, Mr. Smith, on behalf of himself and NPR, sent a FOIA request to CDC seeking records related to the defective test kits (hereinafter, the "Request"). The Request sought access to and copies of the following records:

   a. Weekly call minutes between CDC and commercial labs in January, February, March of 2020;

   b. Any CDC documents or reports related to the investigation of the COVID-19 assay failing, from January to June 2020;

   c. Any documents related to the root-cause analysis that were part of the CDC quality system that looked at the failing of the COVID-19 testing kit, from January to June 2020;

   d. Any documents regarding the failure of quality control systems at CDC that failed and allowed the COVID testing kit to go out; and

   e. Responses from the CDC to the CDC Office of the Inspector General with regard to the failure of the COVID test.

A true and correct copy of the Request is attached hereto as Exhibit 1.

14.     The Request also sought expedited processing because the public urgently needs to understand the CDC's response to the COVID-19 pandemic, a public health crisis which continues to escalate. It is particularly important to dissect the agency's mistakes openly to ensure they are not repeated. Without a swift, public accounting of the CDC's failures with the COVID-19 test kits, American lives remain at risk from further agency lapses.

15.     CDC acknowledged receiving the Request in correspondence dated June 15, 2020, and assigned it the tracking number 20-01806-FOIA. The CDC also granted NPR's request for expedited processing. A true and correct copy of this acknowledgement is attached hereto as

Exhibit 2.

16. At the suggestion of CDC FOIA personnel, NPR agreed to narrow the Request by excluding the minutes of weekly calls between CDC and commercial laboratories. A true and correct copy of the email exchange confirming this narrowing of the Request is attached hereto as Exhibit 3.

17. By letter dated August 20, 2020 from FOIA Officer Roger Andoh (the "Denial"), CDC denied the Request in full. The Denial stated that CDC had located "574 pages of responsive records, 9 Excel tables, and 28 SDS data tables" responsive to the Request but was withholding all of them pursuant to FOIA Exemptions 5 and 7(A) (5 U.S.C. §§ 552(b)(5) and (b)(7)(A)). Specifically, the Denial asserted that Exemption 5 applied to the responsive records because they were subject to the deliberative process privilege, and that Exemption 7(A) applied because "there is an active audit and investigation by the Office of Inspector General (OIG) regarding the COVID-19 test kit." A true and correct copy of the Denial is attached hereto as Exhibit 4.

18. NPR, through undersigned counsel, filed a timely administrative appeal of the Denial on September 3, 2020 (the "Administrative Appeal"). NPR argued that the responsive records are not subject to the deliberative process privilege because they are not policy recommendations but rather arise from a factual investigation meant to determine what went wrong with the tests. NPR's Administrative Appeal also argued that Exemption 7(A) does not apply because they were not compiled for law enforcement purposes and there is no blanket FOIA exemption for all documents related to an investigation. A true and correct copy of the Administrative Appeal is attached hereto as Exhibit 5.

19. On October 19, 2020, HHS denied NPR's Administrative Appeal via correspondence from Mark Weber, HHS's Acting Executive Officer and Deputy Agency Chief

FOIA Officer (the "Appeal Denial"). Mr. Weber asserted that the responsive records qualified for Exemption 5 because they were prepared "in support of formulating new policies." The Appeal Denial also stated that the records were protected by Exemption 7(A) because their release "could foreseeably interfere with the ongoing OIG investigation." A true and correct copy of the Appeal Denial is attached hereto as Exhibit 6.

20. On November 6, 2020, NPR reporter Dina Temple-Raston published a report based on a CDC review document within the scope of the Request. This document, which Ms. Temple-Raston had separately obtained, revealed the CDC's internal analysis of the missteps that led the agency to release the defective COVID-19 test kits. By the agency's own assessment, the CDC laboratory responsible for the mistake suffered from "process failures, a lack of appropriate recognized laboratory quality standards, and organizational problems related to the support and management of a laboratory supporting an outbreak response." Ms. Temple-Raston's reporting demonstrates the news value of the documents covered in the Request, and the importance of obtaining the full set of records about the failure of the CDC test. A true and correct copy of the report is attached hereto as Exhibit 7.

21. Because HHS has denied the Administrative Appeal, NPR has exhausted its administrative remedies regarding the Request and has no other choice but to file this lawsuit.

## CLAIM FOR RELIEF

### COUNT I
**(Declaratory and Injunctive Relief:
Violation of the Freedom of Information Act, 5 U.S.C. § 552)**

22. NPR realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

23. HHS and CDC are agencies subject to FOIA, 5 U.S.C. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in their possession at the time of the

request that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records (or portions thereof) as to which they are claiming an exemption.

24. The records sought in the Request, described herein and attached hereto (Exhibit 1), are subject to release pursuant to FOIA.

25. HHS's failure to comply with its statutory duties and disclose the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A).

## REQUEST FOR RELIEF

WHEREFORE, NPR respectfully requests that this Court:

A. Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

B. Declare that the records sought by the Request, as more particularly described above, are public records pursuant to FOIA and must be disclosed;

C. Order HHS to provide the requested records to NPR, including electronic copies of records stored in electronic format, within 10 business days of the Court's order;

D. Award NPR the costs of this proceeding, including its reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant NPR such other and further relief as this Court deems just and proper.

Dated:  November 12, 2020    Respectfully submitted,

BALLARD SPAHR LLP

 /s/ Matthew E. Kelley
Matthew E. Kelley (Bar No. 1018126)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 508-1112
Fax: (202) 661-2299
kelleym@ballardspahr.com

David J. Bodney (*pro hac vice* application forthcoming)
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004
Tel: (602) 798-5400
Fax: (602) 798-5595
bodneyd@ballardspahr.com

*Counsel for Plaintiffs National Public Radio, Inc. and Graham Smith*